

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-27-2006

# Ranke v. Sanofi Synthelabo

Precedential or Non-Precedential: Precedential

Docket No. 04-4514

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ranke v. Sanofi Synthelabo" (2006). *2006 Decisions.* Paper 1659.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1659

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-4514

———————

RICHARD RANKE, PAUL DIAMANTOPOULOS, SUSAN
FANTOLI, DONALD MILES, ROY SAUNDERS, ROBERT
KRINGLE, MARIE SANTORO, JANICE WRIGHT, ANITA
LEE, JUDY VALLE, and PHILIP COZENTINO,

Appellants

v.

SANOFI-SYNTHELABO INC., SANOFI-SYNTHELABO
GROUP PENSION PLAN, EASTMAN KODAK
COMPANY, and KODAK RETIREMENT INCOME PLAN.

———————

On Appeal From The United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 04-cv-1618)
District Judge:  Honorable J. Curtis Joyner

———————

Argued September 27, 2005

BEFORE:  ALITO, AMBRO, and LOURIE,[*] <u>Circuit Judges</u>.

(Filed: January 27, 2006)

Jeffrey P. Hoyle, Esquire (Argued)
Law Offices of Jeffrey P. Hoyle
105 West Third Street
Media, PA 19063

Stephen C. Kunkle, Esquire (Argued)
Kunkle & Sennett
Westtown Professional Center
1515 West Chester Pike, Ste B-2
West Chester, PA 19382

      Counsel for Appellants

Karen M. Wahle (Argued)
Khuong G. Phan
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006

      Counsel for Appellees Eastman Kodak Company and
      Kodak Retirement Income Plan

Richard G. Rosenblatt (Argued)
Sharri H. Horowitz

---

[*] Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit, sitting by designation.

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

Counsel for Appellees Sanofi-Synthelabo Inc. and
Sanofi-Synthelabo Group Pension Plan

_____

OPINION OF THE COURT
_____

LOURIE, <u>Circuit Judge</u>

Richard Ranke and other similarly situated individuals in this case are former employees of Eastman Kodak Company ("Kodak"), and current or former employees of Sanofi-Synthelabo Inc. ("Sanofi"). They appeal from the decision of the United States District Court for the Eastern District of Pennsylvania dismissing their complaint for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"). <u>Ranke v. Sanofi-Synthelabo, Inc.</u>, No. 04-1618 (E.D. Pa. Nov. 3, 2004) ("<u>Decision</u>"). Because their breach of fiduciary duty claim was time-barred under ERISA § 413, 29 U.S.C. § 1113, the District Court dismissed the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). We affirm.

3

# I. BACKGROUND

Because the District Court granted appellees Kodak's and Sanofi's motions to dismiss under Rule 12(b)(6), we take the factual background of this case from the complaint and accept all allegations contained therein as true. ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994).

Appellants are all former employees of Kodak's Eastman Pharmaceutical Division and were participants in the Kodak Retirement Income Plan ("KRIP"). In 1988, Kodak began the process of merging its Eastman Pharmaceutical Division with Sterling Winthrop, Inc. ("Sterling"), a wholly-owned subsidiary of Kodak. According to the complaint, human resources personnel at both Kodak and Sterling told appellants that they would receive pension benefits under both the Kodak and Sterling pension plans if they decided to accept transfer of employment to Sterling. Kodak also allegedly informed appellants that it would use their final average salaries from Sterling to calculate the pension benefits. In addition, appellants were allegedly told that their total years of service with Kodak and with Sterling would be used to determine their early retirement eligibility. Relying on these representations, appellants say that they accepted employment with Sterling instead of remaining at Kodak.

In 1994, Sanofi acquired certain "portions" of Sterling through an asset purchase agreement. Appellants were selected to become employees of Sanofi. As an incentive to change

4

employment again, human resources personnel at Sanofi allegedly advised appellants that their retirement benefits would remain undiminished for a period of two years after changing employment. Sanofi is also said to have informed appellants that during this period, for purposes of calculating benefits, they would continue to accrue years of service based upon their original Kodak start dates. Relying on these representations, appellants say that they accepted employment with Sanofi and thus became participants in the Sanofi-Winthrop Retirement Income Plan ("SWRIP").

In their complaint, appellants identified three communications from Kodak and Sanofi regarding their pension plans that took place after their 1994 change of employment. First, Sanofi purportedly informed appellants in 1996 that the SWRIP was being merged with the pension plans of other Sanofi companies to become the Sanofi Group Pension Plan, which ultimately became the Sanofi-Synthelabo Group Pension Plan ("SSGP"). Secondly, appellants allege that, sometime between 1995 and 2000, Kodak informed them that the IRS "same desk rule" prohibited appellants from combining their Kodak and Sanofi pension plans. Lastly, sometime between 1998 and 2000, Sanofi allegedly told certain appellants that discussions were ongoing, but that they could expect to have their KRIP and SWRIP pension plans combined into a single pension plan of Sanofi. Until the latter part of 2002, when appellants received their retirement election forms from Kodak, there were no other allegations of contact between appellants and appellees regarding pension plans.

5

The Kodak Lump Sum/Annuity Election form that was distributed to appellants in 2002 contained estimates of appellants' pension benefits. In calculating the benefits, Kodak only considered appellants' total years of service with that company. Moreover, Kodak's calculation did not include appellants' pending or final average salaries at Sanofi, but instead was based only on their final salaries at Sterling in 1994. Soon thereafter, upon questioning Sanofi, appellants also discovered that their Sanofi pension benefits would be calculated based only on their years of service at Sterling and Sanofi, but would not include their time at Kodak. According to appellants, under the current calculations, the value of their pension benefits are lower than expected and they will lose certain early retirement opportunities.

Based on these allegations, appellants filed their complaint in April 2004. In July 2004, Kodak and Sanofi filed their respective motions to dismiss under Rule 12(b)(6). On November 3, 2004, the District Court granted the motions to dismiss in their entirety. This appeal ensued.

In granting the motions to dismiss, the District Court initially noted that appellants failed to state a claim for breach of fiduciary duty with respect to the Sanofi and Kodak pension plans. According to the Court, a pension plan cannot be liable as a fiduciary under ERISA § 409(a), 29 U.S.C. § 1109(a), since it is not an individual, corporation, or other association. Decision, slip op. at 5. That issue has not been appealed here.

6

As for Kodak and Sanofi in their corporate capacities, the District Court held that appellants' claims, as pled, were time-barred under ERISA § 413, 29 U.S.C. § 1113. Specifically, the Court relied on § 413(1)(A), which required appellants to have commenced suit within six years of "the date of the last action which constituted a part of the breach or violation." According to the Court, appellants' complaint contained no allegations of breach of fiduciary duty or detrimental reliance on a breach of fiduciary duty occurring after April 1998, six years prior to the complaint's filing date. Id., slip op. at 6. The only acts relevant to a breach of fiduciary duty that the Court could identify from the complaint were appellees' purported misrepresentations regarding the pension benefits and appellants' act of reliance in changing their jobs. All these events, however, occurred no later than April 1998. Id.

In concluding that the complaint was not timely filed, the District Court rejected appellants' contention that the complaint alleged that appellants made "important financial and general life choices" in detrimental reliance on appellees' misrepresentations, and that that detrimental reliance occurred within six years of the complaint's filing date. Moreover, the Court found the detrimental reliance allegation to be "vague and unspecified," and insufficient to withstand a motion to dismiss. Id., slip op. at 9. The Court also rejected appellants' assertion that Kodak and Sanofi had a continuing duty to furnish accurate information regarding the plans, and that they breached that duty after April 1998. According to the Court, "this [continuing] duty has never been used . . . to extend the ERISA statute of

7

limitations in cases alleging affirmative misrepresentations." Id., slip op. at 10 (citations omitted).

The District Court further concluded that the "fraud or concealment" exception of § 413, which would have extended appellants' time for filing their complaint beyond April 1998, was inapplicable. For the "fraud or concealment" exception to have applied, the Court required allegations that Kodak and Sanofi each took "affirmative steps beyond the breach itself to hide its breach of fiduciary duty." Id., slip op. at 7. It noted that, other than the alleged misrepresentations in 1988 and 1994, appellants identified only three other communications with appellees: the name change of Sanofi's pension plan, Kodak's representations regarding the IRS "same desk rule," and Sanofi's representations regarding the possible combination of the KRIP and SSGP pensions. None of these actions, however, in the Court's view, constituted "fraud or concealment." Id.

In the alternative, even if appellants had alleged sufficient facts to bring their claim within the six-year statute of limitations, the District Court ruled that it would still dismiss the complaint because appellants did not seek the "appropriate equitable relief" authorized by ERISA § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B).[1] Id., slip op. at 13. Citing Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002), the Court

---

[1] In the district court proceedings, appellants voluntarily withdrew, with prejudice, their claims for legal relief under ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1).

determined that appellants sought legal, not equitable, relief. Id., slip op. at 16. Specifically, according to the Court, appellants' request for reinstatement of benefits calculated using formulas from "prior to transfer of employment," while couched as an equitable "make-whole" remedy, was closer in nature to a legal remedy not authorized by § 502(a)(3)(B). Id. Moreover, the Court noted that the remedy requested in this case would ultimately require appellees to pay out a sum of money upon appellants' retirement, further confirming that it was not an allowable form of relief as outlined in Great-West. Id.

## II.  DISCUSSION

Our review of a dismissal under Rule 12(b)(6) is plenary. Leveno v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001) (citations omitted). In reviewing the dismissal of a claim under Rule 12(b)(6), we must "accept the allegations of the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiffs." Id. Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id.

A.      Statute of Limitations

ERISA § 413, 29 U.S.C. § 1113, sets forth provisions limiting the time when an ERISA beneficiary can commence a breach of duty claim against a fiduciary. It provides as follows:

No action may be commenced under this

9

subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—

(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or

(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;

except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113 (2000). "This section thus creates a general six year statute of limitations, shortened to three years in cases where the plaintiff has actual knowledge of the breach, and potentially extended to six years from the date of discovery in cases involving fraud or concealment." Kurz v. Phila. Elec. Co., 96 F.3d 1544, 1551 (3d Cir. 1996). Since the complaint in this case was filed in April 2004, under the general six-year statute of limitations, April 1998 is the last date on which a breach could have occurred that could serve as a basis for the

10

complaint.

1. "Date of Last Action"

On appeal, appellants contend that the six-year statute of limitations had not expired when they brought suit because under § 413(1)(A), "the date of the last action which constituted a part of the breach or violation" should have been the last date that they acted in detrimental reliance on Kodak's and Sanofi's alleged misrepresentations, as opposed to the dates when Kodak and Sanofi made their alleged misrepresentations.[2] Citing our decision in In re Unisys Corp. Retiree Medical Benefit "ERISA" Litigation, 242 F.3d 497, 505-506 (3d Cir. 2001) ("Unisys III"), appellants argue that "the date of the last action" can be the last date that a beneficiary makes "important financial and general life choices in reliance upon the representations" of the fiduciary. In doing so, appellants assign error to the District Court's determination that "the date of the last action" was the date that Kodak and Sanofi breached their fiduciary duties by allegedly making misrepresentations regarding the pension benefits in 1988 and 1994, respectively. Appellants also assert that dismissal of the complaint under Rule 12(b)(6) was premature since discovery was necessary in order to determine the particular circumstances of each appellant's detrimental reliance. According to appellants, if they did not have actual

---

[2] Since neither party argues that § 413(1)(B) is applicable to this appeal, we have limited our discussion to § 413(1)(A).

knowledge of the fiduciary's misrepresentation, but they acted in detrimental reliance on a misrepresentation within six years of the complaint's filing date, the complaint was not barred by the statute of limitations. In appellants' view, it does not matter when the fiduciary made the misrepresentation leading to the breach of fiduciary duty.

Kodak and Sanofi disagree with appellants' assertion that the last date of detrimental reliance was "the date of the last action" in this case. Instead, they argue that the last date when Kodak and Sanofi made their purported misrepresentations leading to the breach of duty was "the date of the last action." Pointing to the complaint, Kodak and Sanofi contend that all of appellants' alleged misrepresentations occurred in 1988 and 1994, thereby making the claims barred by the statute of limitations. Moreover, appellees argue that allowing the last date of detrimental reliance to be "the date of the last action" would contravene the statutory scheme of § 413. According to appellees, § 413 is a statute of repose, and allowing the last date of detrimental reliance to be the starting date for the running of the statute of limitations would potentially allow a beneficiary to extend the statute indefinitely, as reliance can be said to occur continuously into the future.

Kodak and Sanofi also dispute appellants' interpretation of Unisys III as permitting the last date of detrimental reliance to be "the date of the last action." They argue that Unisys III supports their position that the dates on which they allegedly made the misrepresentations leading to the breach of duty were

12

"the date[s] of the last action," and that, those dates cannot logically be later than the dates that appellants relied on the alleged misrepresentation to change employment in 1988 and 1994. Appellees further submit that even if the last date of detrimental reliance can be considered to be "the date of the last action," the District Court properly rejected appellants' conclusory allegation that they "made important financial and general life choices in reliance upon the representations of [Kodak and Sanofi]" as "vague and unspecified" and "insufficient to withstand a motion to dismiss."

Unisys III guides the outcome in this case. In Unisys III, plaintiffs were retirees and disabled former employees who filed complaints against Unisys Corporation for breach of fiduciary duty under ERISA. The dispute arose from Unisys's decision to terminate all of its preexisting medical benefit plans and replace them with a new one. Id. at 499. Under most of the old plans, Unisys paid the entire medical premium during the lifetimes of the retirees and provided continuing benefits for their spouses. Id. The new plan, however, required the retirees to contribute increasing amounts to the cost of the premiums until, eventually, the retirees were responsible for the entire premium. Id.

According to the retirees in Unisys III, "the date of the last action" occurred in November 1992, when Unisys announced the termination of the "lifetime" medical benefit plans and after the plaintiff retirees had retired. Id. at 505. They argued that until the termination of the "lifetime" plan occurred,

13

there was no actual harm, and thus a claim for breach of fiduciary duty would have been premature.  Id.  This Court disagreed and determined that "any breach that may have occurred was completed, and a claim based thereon accrued, no later than the date upon which the employee relied to his detriment on the misrepresentations."    Id. at 505-06. Consequently, the Court rejected Unisys's 1992 announcement as "the date of the last action."  The Court refrained from choosing between the date of the misrepresentation and the date of the detrimental reliance as "the date of the last action," because both were agreed by the parties to be the same.  Id. at 505-06.

Similarly, in this case, accepting all of the complaint's allegations as true, Kodak and Sanofi initiated the breach of fiduciary duty by purportedly misrepresenting the pension plan benefits in an attempt to persuade appellants to change employment in 1988 and 1994, respectively, and appellants relied on those activities at those times.  Therefore, "the date of the last action" was in 1988 for Kodak and in 1994 for Sanofi. Appellants' complaint contains no other allegation of misrepresentations occurring after April 1998 that are independent of and not mere continuations of the initial misrepresentations that led to the changes of employment.

Appellants rely on an exceptional circumstance noted in Unisys III to argue that the last date of detrimental reliance can be "the date of the last action."  In Unisys III, the Court recognized that plaintiffs who retired more than six years before

14

their complaints were filed may still have viable claims if they relied to their detriment in making non-retirement-related decisions within the six-year statute of limitations. Id. at 506-07. The favorable presumption for those plaintiffs opposing a summary judgment motion was that, before the running of the statute of limitations, Unisys may have engaged in additional acts of breach that were separate from the original breaches prompting the retirement of other plaintiffs. The plaintiffs who received this favorable presumption had not detrimentally relied when they retired. Their post-retirement reliances were apparently their first reliances, and (as the parties stipulated) the reliances occurred simultaneously with the misrepresentations. However, appellants in this case detrimentally relied on the alleged misrepresentations in 1988 and 1994, at which time their claims accrued. Unisys III did not hold that plaintiffs may "reset the clock" by later detrimental reliances occurring after their claims first accrued. 2. "Fraud or Concealment"

In the alternative, appellants assert that the "fraud or concealment" exception of ERISA § 413 is applicable to this case, and that the six-year statute of limitations did not begin to run until after appellants received a statement of their estimated retirement benefits in 2002. Appellants argue that the common law "discovery rule," implicit in the "fraud or concealment" exception, is applicable when an ERISA beneficiary does not know that his or her retirement benefits were misrepresented, but the fiduciary does. In such a situation, according to appellants, the "fraud or concealment" exception tolls the general six-year statute of limitations until the fiduciary corrects

15

its misrepresentations. At a minimum, appellants maintain that their complaint should not have been dismissed before they were given an opportunity to investigate "the conduct [of the fiduciary] both surrounding the breach and its concealment." Thus, if appellants can discover acts of concealment by either Kodak or Sanofi within the relevant time frame, i.e., after April 1998, they can invoke the "fraud or concealment" exception and defeat the statute of limitations defense.

Appellees counter that the "fraud or concealment" exception is inapplicable since the complaint does not allege that appellees took any affirmative steps to conceal the alleged misrepresentations. Citing our decisions in Kurz, 96 F.3d at 1552, and Unisys III, 242 F.3d at 502, appellees assert that an ERISA beneficiary must plead that "the fiduciary took steps to hide its breach of fiduciary duty." Moreover, they argue, the fact that a breach is self-concealing or not readily apparent does not extend the statute of limitations under the "fraud or concealment" exception. Unisys III, 242 F.3d at 503-04. Appellees also dispute the contention that they had a continuing duty to correct any prior misrepresentation. Instead, appellees agree with the District Court's determination that such an obligation has never been recognized to extend an ERISA statute of limitations.

We agree with the District Court that the "fraud or concealment" exception is not applicable to this case. As we instructed in Kurz,

> We now join our sister courts and hold that § 413's "fraud or concealment" language applies the federal common law discovery rule to ERISA breach of fiduciary duty claims. In other words, when a lawsuit has been delayed because the defendant itself has taken steps to hide its breach of fiduciary duty, the limitations period will run six years after the date of the claim's discovery. The relevant question is not whether the complaint "sounds in concealment," but rather whether there is evidence that the defendant took affirmative steps to hide its breach of fiduciary duty.

96 F.3d at 1552 (citation omitted). We further discussed the standard for "fraud or concealment" in Unisys III: "The issue raised by this provision is not simply whether the alleged breach involved some kind of fraud but rather whether the fiduciary took steps to hide its breach." 242 F.3d at 502.

At a minimum, our decisions in Kurz and Unisys III require an ERISA fiduciary to have taken affirmative steps to hide an alleged breach of duty from a beneficiary in order for the "fraud or concealment" exception to apply. For example, in Unisys III we concluded that a fiduciary's act of responding to questions in a manner that diverted the beneficiary from discovering a prior misrepresentation could make the "fraud or concealment" exception applicable. Id. at 505. The complaint in this case, however, does not contain any allegation of

17

affirmative steps taken by either Kodak or Sanofi that prevented appellants from discovering the alleged breach of duty before the statute of limitations expired. The complaint alleges only that neither Kodak nor Sanofi informed appellants that "their pension entitlements, under either the KRIP or the SSGP Plan, would be adversely affected or diminished." Kodak's and Sanofi's failures to notify their beneficiaries of any change in the method of calculating retirement benefits or warn them of any misconception regarding their benefits are not "affirmative steps," and cannot on their own bring the "fraud or concealment" exception into play.

Moreover, we do not agree with appellants' assertion that because discovery may reveal appellees engaged in "fraud or concealment," dismissal of the complaint was premature. Appellants were well-positioned to know, upon reviewing their own past experiences, whether they had any communications from Kodak or Sanofi that prevented or diverted them from discovering the alleged breach of duty at an earlier time. To the extent that any misleading communication did occur, or was believed to have occurred, it should have been pled in the complaint, but it was not. Indeed, were we to reverse the dismissal here to allow for discovery, we would be permitting appellants to conduct a fishing expedition in order to find a cause of action. We cannot do so. Furthermore, even if appellants might discover that Kodak and Sanofi knew they made misrepresentations but decided to withhold that information from appellants, such conduct, as we explained above, is not "fraud or concealment." Unisys III, 242 F.3d at

18

503 ("We held in <u>Kurz</u> that, regardless of whether the acts to conceal the breach occur in the course of the conduct that constitutes the underlying breach or independent of and subsequent to the breach, there must be conduct beyond the breach itself that has the effect of concealing the breach from its victims.").

This analysis conforms to the statutory scheme of § 413. In <u>Unisys III</u>, we noted that § 413(2) contains a statute of limitations provision encompassing situations where the beneficiary has "actual knowledge" of the fiduciary's breach.[3] <u>Id.</u> at 504. Thus, we deemed § 413(1)'s general six-year limit, which does not require "actual knowledge," to create a period of repose, which is applicable here. <u>Id.</u> Appellants' "failure to notify" argument is similar to the equitable tolling argument that we rejected in <u>Unisys III</u>. Both arguments hinge on an ERISA beneficiary's lack of knowledge of a fiduciary's breach. Starting the running of the statute of limitations on the date of discovery of the breach, absent "fraud or concealment," would prevent the fiduciary from being able to recognize a firm cutoff date for future breach of duty claims, which is inconsistent with a statute of repose. Thus, we reject appellants' argument. Since we do not consider a fiduciary's decision not to notify the beneficiary of a prior misrepresentation a separate breach of duty falling within the "fraud or concealment" exception,

---

[3] No argument has been made under § 413(2) in this appeal, presumably because the six-year period of § 413(1) occurred earlier than the three-year period of § 413(2).

19

appellants cannot invoke the discovery provision of the exception.

Lastly, we respond to appellants' strained characterization of several decisions from this Court, including Unisys III, Harte v. Bethlehem Steel Corp., 214 F.3d 446 (3d Cir. 2000), and Bixler v. Central Pennsylvania Teamsters Health & Welfare Fund, 12 F.3d 1292 (3d Cir. 1993). Citing those cases as support, appellants assert that this Court "found that the discovery provisions of the statute of limitations extended a beneficiary's claims which were based upon the fiduciary's failure to meet its 'duty to convey complete and accurate information' which predictably and reasonably could result in the beneficiary taking action in detrimental reliance thereon." In Unisys III, as we have discussed above, ERISA's general six-year statute of limitations is triggered by a fiduciary's action, not a beneficiary's discovery of the breach. Harte and Bixler addressed the standard for proving breach of fiduciary duty. They did not discuss any aspect of the ERISA statute of limitations, let alone implicate the common law "discovery rule" in situations not involving § 413's "fraud or concealment" exception.

### 3. Equitable Relief

As an additional basis for dismissing the complaint, the District Court held that appellants did not plead relief falling within the scope of "appropriate equitable relief" authorized by ERISA § 502(a)(3)(B), 19 U.S.C. § 1132(a)(3)(B). As they

20

must in order to sustain their complaint, appellants challenge that holding. There is no need for us to address the correctness of that holding, however, as we have affirmed the decision that the complaint was barred under the statute of limitations.

B.    Motion to Amend the Complaint

Appellants also contend that the District Court abused its discretion in not granting leave to amend the complaint. According to appellants, in their responses to Kodak's and Sanofi's motions to dismiss, they requested leave to file an amended complaint if the court determined that the original complaint was defective. In appellants' view, it was an abuse of discretion for the Court not to even address their request in the opinion dismissing the original complaint. Presumably, appellants argue that, if given the opportunity, they could have pled additional facts that would have allowed them to withstand the motions to dismiss.

We agree with Kodak and Sanofi that appellants did not properly request leave to file an amended complaint and thus the District Court did not abuse its discretion in not granting it. Appellants do not dispute that their "request" for leave to amend was nothing more than the following two sentences: "To the extent that plaintiffs may develop evidence of fraud that is not alleged in the Complaint, they would seek leave to amend their Complaint as appropriate. To the extent that this Court may determine that the existing allegations of misrepresentation are not pled sufficiently specifically, plaintiffs respectfully submit

21

that dismissal is inappropriate, and rather that they should be permitted leave to file a more definite statement pursuant to Fed. R. Civ. P. 12(e)." And appellants do not claim that they provided the Court with a formal motion for leave to amend or a proposed amended complaint containing additional allegations that they believe would allow the amended complaint to withstand dismissal under Rule 12(b)(6).

If appellants had been in possession of facts that would have augmented their complaint and possibly avoided dismissal, they should have pled those facts in the first instance. They failed to do so. In Ramsgate Court Townhouse Assoc. v. West Chester Borough, 313 F.3d 157 (3d Cir. 2002), we addressed that issue directly. The Ramsgate plaintiffs concluded their opposition to a motion to dismiss by stating: "However, in the event that the Court concludes that the Complaint fails to state claims upon which relief may be granted, Plaintiffs . . . respectfully request that they be granted leave to amend the Complaint." Id. at 161. We noted that such a conclusory remark was not a motion to amend, and deemed fatal the fact that, like appellants here, plaintiffs did not provide the District Court with a proposed amended complaint. Id. "As a consequence, the court had nothing upon which to exercise its discretion." Id. (citing Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000)). Because the same result applies here, we hold that the District Court did not abuse its discretion in not granting appellants leave to file an amended complaint.

22

# III. CONCLUSION

For the foregoing reasons, we affirm the decisions of the District Court.

AMBRO, <u>Circuit Judge</u>, Dissenting

Plaintiffs allege in their complaint that, in exchange for their willingness to transfer employment, they were promised in 1988 and 1994 enhanced pension benefits. More than six years later they discovered, per the complaint, these commitments to be delusive. Yet the District Court dismissed the complaint at the Rule 12(b)(6) stage notwithstanding that plaintiffs' factual allegations must be accepted as true. My colleagues follow suit. Both the District Court and my colleagues believe that we are bound by our Court's decision in *In re Unisys Corp. Retiree Medical Benefit "ERISA" Litigation* (*Unisys III*), 242 F.3d 497 (3d Cir. 2001), which dealt with, *inter alia*, when the statute of limitations runs for a misrepresentation of pension benefits. I respectfully disagree, as I believe there is also a duty to disclose that has support in our case law. When a fiduciary fails to follow that duty, the clock for suit starts only when a beneficiary discovers, or should discover, the omitted information that has harmed him or her.

By the reasoning of *Unisys III*, "the date of the last action" of Kodak's and Sanofi's breach was 1988 and 1994, respectively. This follows, by this reasoning, because Kodak and Sanofi purportedly made misrepresentations on those dates

23

and plaintiffs relied on those misrepresentations at those times.

But we know that the plaintiffs did not find out the truth behind those purported misrepresentations until sometime around 2000 or 2002. What our holding in this case therefore does is allow a "safe harbor" for breaches of ERISA fiduciary duties. *See Unisys III*, 242 F.3d at 510 (Mansmann, J, concurring in part, concurring in the result in part). A fiduciary can therefore avoid all liability for misrepresentations "so long as [it] arranges to keep the beneficiaries in the dark for six years after they rely on [its] misrepresentations." *Id.* This is hardly a recipe for "ensur[ing] that employees receive sufficient information about their rights under employee benefit plans to make well-informed employment and retirement decisions." *Harte v. Bethlehem Steel Corp.*, 214 F.3d 446, 451 (3d Cir. 2000) (discussing the reasons that ERISA was enacted). Quite the opposite.

Taking a cue from Judge Mansmann's concurrence in *Unisys III* and our decisions in *Unisys III*, *Unisys II*, *Harte*, *Bixler*, and *Glaziers*, I believe that Kodak and Sanofi breached their duty by failing to disclose the details of plaintiffs' retirement benefits, thereby leaving them uninformed as to how Kodak and Sanofi intended its representations pertaining to those benefits. "Because this continuing breach involved an omission rather than an act, the six-year limitations period would not commence until 'the latest date on which the fiduciary could have cured the breach or violation.'" *Unisys III*, 242 F.3d at 512 (Mansmann, J, concurring in part, concurring in

24

the result in part) (quoting 29 U.S.C. § 1113(1)(B)).  Thus, the statute of limitations would not have expired until six years after the 2000 or 2002 dates on which Kodak and Sanofi finally disclosed the details of plaintiffs' retirement benefits.

This duty to disclose is supported by several of our cases. In *Unisys III*, we recognized a "fiduciary's duty to deal fairly with its beneficiary and, more specifically, 'to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know and which the beneficiary needs to know for his protection.'" *Id.* at 509 (majority opinion) (quoting *Bixler v. Cent. Pa. Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1300 (3d Cir. 1993)). We also in that case recognized a "duty to advise," which can arise "even in the absence of beneficiary-specific information concerning confusion or mistake" as long as a reasonable fiduciary in that position would have foreseen reliance based on this confusion.  *Id.*

In *Unisys II*, we held that "when a plan administrator . . . fails to provide information when it knows that its failure to do so might cause harm, [it] has breached its fiduciary duty to individual plan participants and beneficiaries." *In re Unisys Corp. Retiree Med. Benefit "ERISA" Litig.* (*Unisys II*), 57 F.3d 1255, 1264 (3d Cir. 1995).  Likewise, in *Glaziers* we held that "a fiduciary has a legal duty to disclose to the beneficiary . . . those material facts, known to the fiduciary but unknown to the beneficiary, which the beneficiary must know for its own protection." *Glaziers & Glassworkers Union Local*

25

*No. 252 Annuity Fund v. Newbridge Sec., Inc.*, 93 F.3d 1171, 1182 (3d Cir. 1996). We further held that the "scope of that duty to disclose is governed by ERISA's Section 404(a), and is defined by what a reasonable fiduciary, exercising 'care, skill, prudence and diligence,' would believe to be in the best interest of the beneficiary to disclose." *Id.* In *Bixler*, we held that the "duty to inform is a constant thread in the relationship between beneficiary and trustee; it entails not only a negative duty not to misinform, but also an affirmative duty to inform when the trustee knows that silence might be harmful." *Bixler*, 12 F.3d at 1300; *cf. Buccino v. Cont'l Assurance Co.*, 578 F. Supp. 1518, 1521 (S.D.N.Y. 1983) ("[A]s Fund fiduciaries [defendants] were under a continuing obligation to advise the Fund to divest itself of unlawful or imprudent investments. Their failure to do so gave rise to a new cause of action each time the Fund was injured . . . . If defendants failed, for ten years, to inform the Fund that its insurance plan was unlawful or otherwise improper, they continuously and repeatedly violated their fiduciary duties under ERISA. Only those violations that occurred more than six years before this action was filed are time barred.").

As in the *Unisys III* case, Kodak and Sanofi failed to disclose for several years the true state of affairs for plaintiffs' retirement benefits. In this context, Kodak and Sanofi "had an ongoing duty to inform the participants of the true state of affairs." *Unisys III*, 242 F.3d at 513 (Mansmann, J, concurring in part, concurring in the result in part). For as long as Kodak and Sanofi could have "had reason to believe that the [plaintiffs]

26

remained unaware of the material fact that [their retirement benefits were not in fact as generous as they had been told], it was a violation of trust (*i.e.*, a breach of fiduciary duty) *every day* for [Kodak and Sanofi] not to inform them." *Id.* (emphasis in original).

The plaintiffs "should be permitted to prove that they relied to their detriment on [Kodak's and Sanofi's] continuing non-disclosure . . . by refraining from bringing the present suit until after the omitted information was supplied." *Id.* Judge Mansmann went on to say that "[r]ecognition of an ongoing duty to correct prior misstatements entails that the statute of limitations does not run while a misstatement remains uncorrected." *Id.*[4] Therefore, as she recognized, the majority's holding that the statute runs from the date of misrepresentation and reliance "amounts to absolving the fiduciary from any ongoing duty to correct the misstatement[, which] is therefore contrary to our decisions in *Bixler* and *Harte*." *Id.*

With more than ten years of precedent in our Circuit pointing to an independent duty to inform pension beneficiaries

---

[4] I also agree with Judge Mansmann that the objection that § 1113 is a statute of repose is met by the notion that "a fiduciary who has misled his beneficiary may never seek refuge behind the statute of limitations as long as he allows the deception to continue unabated." *Unisys III*, 242 F.3d at 513 n.9 (Mansmann, J, concurring in part, concurring in the result in part).

27

of their rights, Kodak and Sanofi were on notice that they played Three-Card Monte at their peril with plaintiffs. To reward their nondisclosure is to make pension promises little more than chimerical commitments. A duty to inform would further ERISA's goals and protect ERISA beneficiaries from being cheated out of their rightful claims by a fiduciary's six-year wall of silence. I respectfully dissent.