Michael D. MARTIN; Sunder Malkani; Vinod D. Patel, Appellants

v.

PUBLIC SERVICE ELECTRIC & GAS CO., INC.; Employee Benefits Committee of Public Service Enterprise Group, Inc.; ABC corporations 1–30, fictitious corporate defendants.

No. 07–1353.

United States Court of Appeals, Third Circuit.

Argued: March 5, 2008.

Filed: March 31, 2008.

Neil M. Mullin, Esq. (Argued), Smith Mullin, Montclair, NJ, Matthew J. Vance, Esq., Niedweske Barber, Morristown, NJ, for Appellants.

Brian T. Ortelere, Esq. (Argued), Jonathan S. Krause, Esq., Morgan, Lewis & Bockius, Philadelphia, PA, Richard G. Rosenblatt, Esq., Morgan, Lewis & Bockius, Princeton, NJ, for Appellees.

Before: BARRY, JORDAN and HARDIMAN, Circuit Judges.

## OPINION

BARRY, Circuit Judge.

Appellants, Michael Martin, Sunder Malkani, and Vinod Patel (collectively, "appellants") appeal the orders of the District Court granting the motion to dismiss of appellee Public Service Enterprise Group ("PSEG"),[1] and denying appellants' motion for reconsideration and for leave to amend their complaint. We have reviewed the record and the submissions of the parties and have heard oral argument. We have jurisdiction under 28 U.S.C. § 1291, and will affirm.

## I.

On December 13, 2005, appellants filed a class action complaint alleging, in Count I and as relevant here, that PSEG breached its fiduciary duties in violation of § 404(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1104(a), by misrepresenting to them that they were not entitled to participate in pension and employee welfare plans, when, in fact, they were entitled to participate in those plans.[2] PSEG moved to dismiss, claiming, among other things, that appellants, as independent contractors, lacked standing to bring their claims because they were expressly excluded from coverage under the plans from which they were seeking benefits and that, even if they had standing, their claims were time-barred. Appellants responded to each of the

1. As the District Court noted, the complaint apparently misidentified the defendant as "Public Service Electric & Gas Co., Inc." The parties and the District Court have referred to the defendant as PSEG and we will do so as well.

2. Appellants also alleged, in Count II, unlawful interference with the attainment of ERISA benefits under ERISA § 510, 29 U.S.C. § 1140, and Martin alleged, in Count IV, that PSEG failed to disclose plan documents in violation of ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B). The unlawful interference claim was withdrawn and the failure to disclose claim is not raised on appeal. And, we note, we need not consider appellants' Count III "conditional claim" for back benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). That claim was pled hypothetically in the event the District Court determined that appellants were entitled to retroactively obtain benefits under the plans which, of course, it did not.

grounds on which dismissal was sought, including timeliness, and argued that even if they were ineligible to participate in the most recent plans, they were eligible under prior versions of those plans. On December 4, 2006, the District Court granted PSEG's motion to dismiss, concluding that appellants lacked standing to bring the claims asserted in the complaint and on January 9, 2007, 2007 WL 119155, denied appellants' motions for reconsideration and for leave to amend the complaint.[3]

PSEG's primary argument on appeal is that appellants' claims are time-barred, an argument not ruled on by the District Court once it found that appellants lacked standing and dismissed on that ground. We can affirm for any reason that finds support in the record. *Francis v. Mineta,* 505 F.3d 266, 267 (3d Cir.2007). The record supports the conclusion that this case is time-barred, and we will affirm on that ground.

## II.

When deciding a motion under Federal Rule of Civil Procedure 12(b)(6), a district court must " 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.' " *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir.2008) (citing *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n. 7 (3d Cir.2002)). Our

review is plenary. *Leveto v. Lapina,* 258 F.3d 156, 161 (3d Cir.2001).

## III.

ERISA bars actions for breach of fiduciary duty "after the earlier of—(1) six years after . . . the date of the last action which constituted a part of the breach or violation . . . or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation." ERISA § 413, 29 U.S.C. § 1113. We will assume for purposes of our analysis that the longer six-year statute of limitations period applies, and thus that because the complaint was filed in December 2005, December 1999 is the last date on which a breach sufficient to serve as a basis for the complaint could have occurred.

The heart of appellants' breach of fiduciary duty claim is the purported intentional and wrongful misclassification of them at the outset of, and throughout, their employment as independent contractors, a misclassification that denied them participation in plans in which they were otherwise entitled to participate. PSEG argues that the "date of the last action" was the date appellants were allegedly misclassified, i.e. the date in the 1980's when each appellant was hired, and cites *Ranke v. Sanofi–Synthelabo Inc.,* 436 F.3d 197, 202–03 (3d Cir.2006), a case in which we held that the "date of the last action" was the date the alleged misrepresentations about

---

**3.** Appellants claimed that under ERISA § 204(g), 29 U.S.C. § 1054(g), the anti-cutback rule, PSEG was prohibited from decreasing benefits accrued under prior versions of the plans. The District Court found that appellants had not pled an anti-cutback claim and, citing undue delay, denied their motion for leave to amend the complaint to add the claim. Appellants maintained from the outset that an anti-cutback claim had been properly pled, only seeking to amend the

complaint after the complaint had been dismissed. The District Court did not abuse its discretion in denying the motion for leave to amend. We note that it was not until their reply brief on appeal that appellants raised the denial of the motion for leave to amend. *See In re Suprema Specialties, Inc. Sec. Litig.,* 438 F.3d 256, 286 n. 17 (3d Cir.2006) (the failure to identify or argue an issue in the opening brief constitutes a waiver of the issue on appeal).

the pension plans were made, not the last date on which the plaintiffs detrimentally relied on the misrepresentations. *See also Keen v. Lockheed Martin Corp.,* 486 F.Supp.2d 481, 492–93 (E.D.Pa.2007).[4]

We are not as certain as PSEG that the "date of the last action" was the date on which each of the appellants was hired, i.e., the date on which PSEG allegedly misclassified each appellant thereby representing to him that he was not eligible for benefits. The reason we are not as certain is because when appellants were hired, and for some years thereafter, independent contractors were not expressly excluded from the definition of "Employee." We *are* certain, however, that at least as early as January 1, 1998 (and likely as early as October 17, 1994), the amendments to that definition carved out independent contractors, and that that date was the "date of the last action." Indeed, appellants have not even alleged any part of a breach of fiduciary duty within the six-year statute of limitations that is independent of or other than a mere continuation of what occurred in 1998—or 1994. *See Ranke,* 436 F.3d at 203. The complaint, therefore, is time-barred.

We will affirm the December 4, 2006 and January 9, 2007 orders of the District Court.

4. A continuing violation theory is foreclosed, at least in the context of non-fiduciary ERISA claims. *See Miller v. Fortis Benefits Ins. Co.,* 475 F.3d 516, 522 (3d Cir.2007) (declining to adopt a continuing violation theory whereby a new cause of action would accrue upon each underpayment of benefits owed).