

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-2008

# Bansal v. Server Beach

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4476

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bansal v. Server Beach" (2008). *2008 Decisions.* Paper 800.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/800

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4476

_____

AKHIL BANSAL,

Appellant

v.

SERVER BEACH;
REYNOLDS & REYNOLDS;
MICROSOFT CORPORATION

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 06-cv-03932)
District Judge:  Honorable Norma L. Shapiro

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

July 22, 2008

Before: RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed :  July 24, 2008)

_____

OPINION

_____

PER CURIAM

Akhil Bansal is confined at the Federal Detention Center in Philadelphia. In 2007, proceeding pro se and in forma pauperis ("IFP"), he filed a lawsuit against Server Beach, Reynolds & Reynolds, and Microsoft, alleging that they unlawfully gained access to his e-mail account in violation of the Stored Communications Act, 18 U.S.C. § 2701 et seq. ("SCA" or "the Act"), the Pennsylvania Wiretapping Act, 18 Pa.C.S. 5741 et seq., and his right to privacy under common law. Bansal now appeals the District Court's dismissal of his action.

Because we write for the parties, we state only the facts most pertinent to our decision. At some point, Bansal set up an e-mail account with Microsoft's "Hotmail" service. In 2006, he was convicted in federal court of multiple counts related to his illegal, internet sales of pharmaceuticals. In the course of the criminal investigation, the government sought several subpoenas and warrants, ordering Microsoft to divulge emails and to furnish information regarding Bansal's account. Microsoft complied with the resulting court orders. In February 2006, evidently through the discovery associated with his criminal trial, Bansal learned that Server Beach and Reynolds had accessed his email account. Apparently, the defendants' Internet Protocol ("IP") addresses appeared on a registration sheet detailing all the addresses that had accessed his Hotmail user account. Thereafter, he brought the instant lawsuit.

The defendants filed motions to dismiss pursuant to Fed. R. Civ. P.

12(b)(6). Microsoft argued that it was excepted from liability under the SCA, because it was the communications service provider for his user account, and because it divulged emails and account information pursuant to a court order. Server Beach and Reynolds argued that Bansal's complaint failed on its face, because it failed to allege that they accessed his account "with a knowing or intentional statement of mind." See 18 U.S.C. §§ 2701(a) & 2707. As to Microsoft, the District Court dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(e). Moreover, concluding that Bansal failed to state a claim under the SCA, and declining to exercise supplement jurisdiction pursuant to 28 U.S.C. § 1367 over his remaining state law claims, the District Court granted the motions to dismiss as to Server Beach and Reynolds. Bansal filed motions for reconsideration, but they were denied. Thereafter, he timely filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order dismissing claims under Fed. R. Civ. P. 12(b)(6). See Sands v. McCormick, 502 F.3d 263, 267 (3d Cir. 2007). In order to survive a motion to dismiss, a plaintiff must allege in his complaint "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element[s]" of a cause of action. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). "[A] formulaic recitation of the elements . . . will not do." Id. at 331.

The SCA prohibits a party from "intentionally access[ing] without

authorization a facility through which an electronic communication service is provided; . . . or intentionally exceed[ing] an authorization to access that facility; . . . thereby obtain[ing] . . . access to . . . [an] electronic communication while it is in electronic storage . . . ." 18 U.S.C. § 2701(a).   The Act authorizes a private right of action for any person "aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing and intentional state of mind." See id.  However, it excepts "entit[ies] providing a wire or electronic communications service," and we have interpreted the Act as exempting searches of stored electronic communications by the party providing the communications service. See 18 U.S.C. § 2701(c);  Fraser v. Nationwide Mutual Insurance Co., 352 F.3d 107, 115 (3d Cir. 2003).   Furthermore, parties acting pursuant to a court order are not liable under the statute. See 18 U.S.C.  § 2707(e).

As to Microsoft, we agree with the District Court that it has a complete defense against Bansal's claims, because it divulged his emails pursuant to a court order arising from his criminal prosecution. See 18 U.S.C. § 2707(e).  Moreover, as the communications service provider for Bansal's email account, Microsoft is excepted from liability under the SCA. See Fraser, 352 F.3d at 115.  Accordingly, the District Court correctly dismissed Bansal's claims against Microsoft as frivolous pursuant to 28 U.S.C. § 1915(e).

Furthermore, Bansal's lawsuit cannot succeed against Server Beach or

4

Reynolds, because his complaint fails to allege that these defendants accessed his account "with a knowing and intentional state of mind." See 18 U.S.C. § 2701(a). Bansal baldly asserts that the defendants "unlawfully" accessed his account. But, he sets forth no facts that, taken as true, would raise a reasonable expectation that discovery would reveal evidence that Server Beach and/or Reynold "knowingly or intentionally" accessed his Hotmail user account. Moreover, we agree with the Appellees that Bansal did not properly request leave to amend his complaint, see Ranke v. Sanofi-Synthelabo, Inc., 436 F.3d 197, 206(3d Cir. 2006), and, as this is not a civil rights case, the District Court was not obligated to sua sponte grant him leave to amend prior to dismissing the case for failure to state a claim. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 253 (3d Cir. 2007). Accordingly, we affirm the District Court's dismissal of Bansal's complaint for failing to state a claim against defendants Server Beach and Reynolds.[1]

---

[1] Bansal's Motion to Strike Supplemental Appendix is denied as moot.