**John R. OLIVER, Appellant**

v.

**Jeffrey BEARD; Franklin Tennis; Marirosa Lamas; Mr. Sowash; Mr. Capparelle; Mr. Jedrejedzedek; Mr. Winkleman.**

Nos. 08–4766, 09–2690.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2) or for Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Dec. 10, 2009.

Opinion Filed Dec. 23, 2009.

298

John R. Oliver, Easton, PA, pro se.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

In these consolidated appeals, John R. Oliver appeals pro se from the District Court's orders dismissing his complaints in two related actions in the United States District Court for the Middle District of Pennsylvania. (M.D. Pa. Civ. Nos. 08–cv–0796; 08–cv–1404.) Oliver also challenges the District Court's orders denying him leave to amend his complaint and his request for counsel in M.D. Pa. Civ. No. 08–cv–0796, as well as the District Court's orders denying his request for counsel and "Motion to Stop filing Fees" in M.D. Pa. Civ. No. 08–cv–1404. For the following reasons, we will summarily affirm the District Court's orders. *See* 3d Cir. LAR 27.4 (2008); 3d Cir. I.O.P. 10.6.

## I.

Oliver is currently incarcerated at the State Correctional Institution at Rockview ("SCI–Rockview") in Bellefonte, Pennsylvania. On April 29, 2008, Oliver commenced a civil rights action pursuant to 42 U.S.C. § 1983 against the following employees of the Pennsylvania Department of Corrections (the "DOC"): Secretary Jeffrey A. Beard; Superintendent Franklin J. Tennis; former Deputy Secretary of Centralized Services Marirosa Lamas; and Dr. Symons, a prison doctor. Oliver also named as defendants several members of the culinary staff at SCI–Rockview: Mr. Capparelle, Mr. Sowash, Mr. Jedrejedzedek and Mr. Winkleman. (M.D. Pa. Civ. No. 08–cv–0796.) In addition, Oliver named three John Doe defendants and one Jane Doe defendant.

In the complaint, Oliver alleged that the defendants violated his Eighth Amendment rights by failing to properly treat an injury to his wrist. Specifically, Oliver alleged that, on January 18, 2008, while he was working in the tray room of the culinary department, he tripped over a cart of trays and fell to the floor. Oliver claimed that he suffered a hairline fracture to his wrist as a result of the fall, and that the treatment he received for his injury was inadequate. Oliver further claimed that defendant Lamas failed to address certain concerns that he had raised about the safety of the tray room before his accident.

The matter was referred to a Magistrate Judge who recommended that the court dismiss Oliver's claims against all defendants except Dr. Symons for failure to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Oliver filed objections to the Magistrate Judge's Report and Recommendation as well as a motion to amend his complaint.

By order entered June 16, 2008, the District Court adopted the report and recommendation, dismissed Oliver's claims against all defendants but Dr. Symons, and denied Oliver's motion to amend his complaint.[1] As a result, the case proceeded against Dr. Symons only.

The following month, on July 28, 2008, Oliver filed a second complaint in the District Court. (M.D. Pa. Civ. No. 08–1404.) In this complaint, Oliver raised the same claims against the same defendants, with one exception—he did not name Dr. Symons in the second action. Otherwise, however, the complaints in Civ. No. 08–cv–0796 and Civ. No. 08–cv–1404 were nearly identical. By order entered September 10, 2008, the District Court dismissed Oliver's second complaint for the reasons stated in its order dismissing the same claims against the same defendants in Civ. No. 08–cv–0796. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Meanwhile, Oliver's first action proceeded against Dr. Symons. During this time, Oliver filed at least four motions for appointment of counsel. The Magistrate Judge denied each request. Oliver appealed the Magistrate Judge's decision on his fourth motion to the District Court, but the court agreed with the Magistrate Judge that counsel was not warranted. *See Tabron v. Grace,* 6 F.3d 147, 155–58 (3d Cir.1993).

In November 2008, Dr. Symons moved to dismiss the complaint on the ground that it failed to state an Eighth Amendment claim against him. *See* Fed.R.Civ.P. 12(b)(6). Soon thereafter, Oliver again sought leave to amend his complaint. The Magistrate Judge recommended that the District Court deny Oliver's motion for leave to amend his complaint and grant

---

1. Oliver appealed from the District Court's order dismissing his claims against these defendants, but we dismissed his appeal on the ground that the District Court's order was not appealable at that time. (C.A. No. 08–3404.)

Dr. Symons's motion to dismiss. The District Court agreed, and, by order entered March 25, 2009, adopted the Magistrate Judge's Report and Recommendation, denied Oliver's motion to amend the complaint, and granted Dr. Symons's motion to dismiss.[2]

Oliver now appeals from the District Court's orders in actions 08–cv–0796 and 08–cv–1404.[3]

## II.

### A. M.D. Pa. Civ. No. 08–cv–0796

■ First, we conclude that the District Court properly dismissed the claims against defendants Beard, Tennis, Jedrejedzedek, Winkleman, and Sowash, as well as the claims against the John Doe and Jane Doe defendants, in Oliver's first complaint. As the District Court and Magistrate Judge explained, Oliver did not allege that any of these defendants were personally involved in the alleged misconduct, as he must in order to hold them liable under § 1983. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (stating that liability under § 1983 may not be based on the doctrine of respondeat superior). We further conclude that the District Court properly dismissed the claim against defendant Capparelle because his alleged misconduct does not rise to the level of an Eighth Amendment violation. According to Oliver, defendant Capparelle removed him from his work assignment after his fall, took him into his office, and called the medical department to take him in for an evaluation. As the District Court explained, these allegations do not support an Eighth Amendment claim because they do not indicate that defendant Capparelle acted with "deliberate indiffer-

ence" toward a "substantial risk of serious harm to an inmate." *See Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Similarly, Oliver's allegations against defendant Lamas—that she had failed to address the safety concerns that Oliver had brought to her attention—do not state an Eighth Amendment claim. *See id.*

■ Next, we conclude that the District Court did not err in denying Oliver leave to amend his complaint. With respect to Oliver's first request, the District Court correctly concluded that amendment would have been futile because the proposed amended complaint suffered from the same defects as his initial complaint. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002) (noting that dismissal of case without leave to amend is proper when amendment would be futile). Concerning Oliver's second request, dismissal was proper because Oliver failed to attach a proposed amended complaint to his motion. *See Ranke v. Sanofi–Synthelabo, Inc.,* 436 F.3d 197, 206 (3d Cir.2006) (holding that failure to submit a draft amended complaint is fatal to a request for leave to amend).

■ We also conclude that the District Court acted within its discretion in denying Oliver's motion seeking appointment of counsel because, even assuming that Oliver's claim against Dr. Symons had arguable merit, none of the remaining *Tabron* factors weighed in favor of appointing counsel. 6 F.3d at 155. For example, the issues in the case were not particularly complex, and Oliver had demonstrated that he was an able litigator. *See id.*

---

**2.** Oliver later filed a motion for reconsideration, which the District Court dismissed as untimely. *See* Fed.R.Civ.P. 59(e). Oliver has not appealed from the District Court's order.

**3.** We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's legal determinations. *See Lubrizol Corp. v. Exxon Corp.,* 929 F.2d 960, 962 (3d Cir.1991).

**Finally**, we conclude that the District Court properly granted Dr. Symons's motion to dismiss. As the court noted, Oliver's allegations reveal that he received ongoing medical care for his injury, including an x-ray of his wrist, a sling to support his arm, and medications to manage his pain. Although Oliver alleged that this treatment was inadequate, disagreement over the proper course of treatment does not amount to a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir.2004).

### B. M.D. Pa. Civ. No. 08–cv–1404

As noted above, the District Court dismissed Oliver's second complaint on the ground that it merely repeated claims that the court had previously dismissed in Civ. No. 08–cv–0796. We have reviewed the complaint filed in 08–cv–1404, and agree with the District Court that it contains the same claims against the same defendants at issue in Civ. No. 08–cv–0796. As discussed above, the District Court's dismissal of those claims was proper. Therefore, the District Court's order dismissing Oliver's second complaint was likewise proper.[4]

Accordingly, we will summarily affirm the District Court's orders.[5]

---

4. In this order, the District Court also dismissed as moot Oliver's outstanding motions for appointment of counsel and to "stop filing fees." Given our determination that the District Court's decision to dismiss the complaint was proper, its decision to deny these motions as moot was also proper.

5. After the District Court entered its order dismissing Oliver's complaint, Oliver filed a renewed motion for appointment of counsel and a motion for a temporary restraining order. By order entered October 11, 2009, the District Court referred these motions to this Court. These motions are denied.