NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3747
_____


DARRELL EUGENE WILLIAMS,

Appellant

v.

THE WEBB LAW FIRM, P.C.

_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No.: 2-12-cv-01702)
District Judge: Honorable Joy Flowers Conti

_____


Submitted under Third Circuit LAR 34.1(a)
on September 11, 2015



Before: VANASKIE, SLOVITER, and RENDELL, Circuit Judges


(Opinion filed: October 29, 2015)

## O P I N I O N*

**RENDELL**, <u>Circuit Judge</u>:

Plaintiff-Appellant Darrell E. Williams, Esq., appeals the District Court's grant of summary judgment in favor of Defendant-Appellee Webb Law Firm, P.C. ("WLF"). Williams sued WLF for violation of the Employee Retirement Income Securities Act of 1974 ("ERISA")—specifically, for breach of fiduciary duty by misclassifying him as an independent contractor, instead of as an employee. The District Court granted summary judgment because Williams' claim is barred by the applicable statutes of limitations in 29 U.S.C. § 1113. We will affirm.

## I. Background

In January 2001, Williams began working for WLF under an independent contractor agreement (the "First ICA") as a patent attorney. On July 1, 2001, Williams' employment status changed so that he was an associate attorney, receiving full employment benefits. However, on January 1, 2006, Williams returned to being classified as an independent contractor and began working under the terms of a Second ICA. According to Williams, his work duties and activities were the same as when he was an associate.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

On January 10, 2007, Williams signed a Third ICA, which reiterated that he was an independent contractor. On May 16, 2007, the parties signed an addendum to the Third ICA, pursuant to which WLF agreed to pay a scaled percentage of Williams' total monthly medical costs, depending on how many hours Williams billed.

On November 15, 2009, Williams' relationship with WLF was terminated. Williams applied for unemployment benefits within two weeks of his termination, and he began to receive unemployment benefits in May 2010.

On November 8, 2012, Williams filed the present complaint. The District Court granted summary judgment to WLF based on the statutes of limitations in 29 U.S.C. § 1113. Those statutes of limitations provide that a lawsuit for ERISA breach of fiduciary duty is barred if filed *either* more than six years after "the date of the last action which constituted a part of the breach" *or* more than three years after the date that the plaintiff had "actual knowledge" of the breach. 29 U.S.C. § 1113. Williams' lawsuit failed under *both*: (1) the date of the last action which formed a part of WLF's alleged breach of fiduciary duty occurred on January 1, 2006 (and, therefore, the six-year statute of limitations in 29 U.S.C. § 1113(1) bars Williams' claim), and (2) Williams knew about the material elements of WLF's alleged breach and knew that these actions constituted a breach of a fiduciary duty, at the latest, in May 2007 (and therefore the three-year statute of limitations in § 1113(2) bars his claim). Williams appealed.

3

## II. Analysis[1]

To succeed on appeal, Williams must show that the District Court erred twice: first in determining that the six-year statute of limitations in 29 U.S.C. § 1113(1) bars Williams' claim, and second in determining that the three-year "actual knowledge" statute of limitations in 29 U.S.C. § 1113(2) bars his claim. He cannot show error in either determination.

A.      Six-Year Statute of Limitations

ERISA provides that "[n]o action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty, or obligation . . . (1) six years after . . . the date of the last action which constituted a part of the breach or violation." 29 U.S.C. § 1113(1). We must ask when the "date of the last action" was in this case.

The District Court determined that the date of the last action was the date that WLF allegedly misclassified Williams as an independent contractor—i.e., January 1, 2006, when Williams began working under the Second ICA. Williams urges that the proper date is when Williams began working under the Third ICA or, alternatively, when he began working under the subsequent addendum to the Third ICA. If the date of the last action is either of the dates Williams urges, then the six-year statute of limitations does not bar his claim.

The District Court was correct. Neither the Third ICA nor its addendum purported to alter Williams' employment status: they merely repeated the alleged misrepresentation

---

[1] "We exercise plenary review of the District Court's order for summary judgment." *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015).

4

of Williams' employment status as an independent contractor. We have held that subsequent misrepresentations that are "mere continuations of the initial misrepresentations that led to the changes of employment" do not extend the date of last action. *Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 203 (3d Cir. 2006). It follows that, in a case where an employee's employment status is misrepresented as independent contractor, mere continuations of the initial misrepresentation do not extend the date of last action. Thus, because the Third ICA (and addendum) merely continued to state that Williams was an independent contractor, the date of last action was the effective date of the Second ICA. Accordingly, the six-year statute of limitations bars Williams' claim.

B.     Three-Year Statute of Limitations

Alternatively, Williams' claim fails pursuant to the three-year statute of limitations in 29 U.S.C. § 1113(2). ERISA provides that "[n]o action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty, or obligation . . . (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation." 29 U.S.C. § 1113(2). We must ask when Williams had actual knowledge of his claim. Williams urges that he did not have actual knowledge until he knew that the law treated him as an employee, whereas the District Court found that he had "actual knowledge" once he knew all the material facts about his employment status.

In *Gluck v. Unisys Corp.*, we held that "'actual knowledge of a breach or violation' requires that a plaintiff have actual knowledge of all material facts necessary to understand that some claim exists, which facts could include necessary opinions of experts, knowledge of a transaction's harmful consequences, or even actual harm." 960

5

F.2d 1168, 1177 (3d Cir. 1992) (citations omitted) (quoting 29 U.S.C. § 1113(2)). In other words, "'[a]ctual knowledge of a breach or violation' requires knowledge of all relevant facts at least sufficient to give the plaintiff knowledge that a fiduciary duty has been breached or ERISA provision violated." *Id.* at 1178.

Subsequently, in *National Security Systems, Inc. v. Iola*, we clarified that "[w]hat matters here is whether [plaintiffs] had actual knowledge of all material facts necessary to appreciate that a claim against [defendant] existed." 700 F.3d 65, 100 (3d Cir. 2012). We rejected as "meritless" the *Iola* plaintiffs' contention that they lacked actual knowledge that the defendant was a fiduciary, given that they "ceded to [defendant] discretionary authority to manage and administer plan assets." *Id.* at 99. In other words, it does not matter whether the plaintiffs knew that the law would deem the defendant to be a fiduciary, so long as the plaintiffs knew all the relevant facts that would give the defendant fiduciary status. *See id.*

Like the *Iola* plaintiffs, Williams contends that he did not know the law would treat him as an employee, but he does not deny that he knew all the facts relevant to deeming him an employee. As the District Court stated, it is "'patently obvious'" that, "by May 2007, Williams knew all the material elements of [WLF's] breach of its fiduciary duty." (App. 24 (quoting *Kurz v. Phila. Elec. Co.*, 96 F.3d 1544, 1551 (3d Cir. 1996)).) Williams did not need to know he was entitled to unemployment benefits under the law in order to have actual knowledge of the alleged breach. Accordingly, the three-year statute of limitations bars his claim.

### III. Conclusion

6

For either of the foregoing reasons, we will affirm.