**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-3259
_____

BENJAMIN WHITING,
Appellant

v.

FEDERAL BUREAU OF INVESTIGATION;
UNKNOWN AGENTS OF THE FEDERAL BUREAU OF INVESTIGATION

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-01369)
District Judge: Honorable William S. Stickman IV

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 5, 2026
Before: KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: June 29, 2026)

_____

OPINION*
_____

PER CURIAM

Benjamin Whiting, proceeding pro se, appeals from the United States District

Court for the Western District of Pennsylvania's *sua sponte* order dismissing the case for

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. We will affirm the judgment of the District Court with a modification.

The Plaintiff sued the Federal Bureau of Investigation ("FBI") and unknown FBI agents, alleging that that the defendants used a classified "microwave auditory effect" technology to persistently monitor his thoughts and transmit sound directly into his head. *See, e.g.,* ECF No. 10 at 1. He claimed this surveillance, conducted without a warrant, was a coercive attempt to recruit him as an informant or agent due to his role as a witness to illegal activity at a local music venue in Pittsburgh. He alleged these actions violated his First, Fourth, and Fifth Amendment rights, causing him significant psychological harm and interfering with his ability to complete his education.

The District Court dismissed the Plaintiff's initial complaint, concluding, inter alia, that the FBI was not a proper defendant, and invoking the substantiality doctrine. *See Hagans v. Lavine,* 415 U.S. 528, 536–37 (1974) (explaining that, under the substantiality doctrine, federal courts may dismiss claims "so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion." (internal quotation marks and citations omitted). Nonetheless, the District Court provided the Plaintiff with an opportunity to identify the "Unknown Agents of the FBI" and state a cause of action against them. The Plaintiff filed an amended complaint essentially repeating the allegations in his initial complaint, now only against "Unknown Agents of the FBI," rather than the "FBI and Unknown Agents of the FBI." ECF No. 10 at 1–2.

Again, citing the substantiality doctrine, the District Court dismissed the amended complaint with prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review de novo the District Court's dismissal of the Plaintiff's action under Rule 12(b)(1). *See Free Speech Coal., Inc. v. Att'y Gen.*, 677 F.3d 519, 530 (3d Cir. 2012).

We agree with the District Court that it lacked jurisdiction over the Plaintiff's claims. As a pro se appellant, the Plaintiff is afforded liberal construction of his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). And the standard for dismissing a federal claim as wholly insubstantial is "especially high." *Hill ex rel. Republic First Bancorp Inc. v. Cohen*, 40 F.4th 101, 111 (3d Cir. 2022) (quoting *Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 666 (D.C. Cir. 2013)). But even when viewing the well-pleaded facts in the light most favorable to the Plaintiff, his claims (including, but not limited to, the FBI's purported usage of a so-called "microwave auditory effect" to extract the Plaintiff's thoughts), were so insubstantial as not to present a federal case or controversy.

The Plaintiff contends that the District Court acted out of malice and bias, characterizing its dismissal as a "paradigmatic example of judicial bad faith and procedural abuse." C.A. Doc 7 at 8. However, this argument is without merit or support in the record. Further, the Plaintiff's claim that the District Court abused its discretion by denying discovery is likewise unavailing. Discovery is not available as a matter of right where a complaint has not first established facial plausibility; the pleading itself must supply a sufficient factual foundation before the tools of litigation may be brought to

3

bear.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ranke v. Sanofi-Synthelabo, Inc.*, 436 F.3d 197, 204 (3d Cir. 2006).

For these reasons, we will affirm the District Court's judgment, albeit while modifying it to be a dismissal without prejudice.  *See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice") *cf. Curry v. Yachera*, 835 F.3d 373, 379–80 (3d Cir. 2016) (modifying order of dismissal).